1  PHILLIP A. TALBERT
   United States Attorney
2  PHILIP A. FERRARI
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8

9              IN THE UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11

| 12 | UNITED STATES OF AMERICA, | CASE NO. 2:02-CR-0431 GEB |
|---|---|---|
| 13 | Plaintiff, | **MOTION TO DISMISS AND JOINT MOTION TO TERMINATE SUPERVISION;** |
| 14 | v. | [proposed] **ORDER** |
| 15 | CHARLENE BROWN, | |
| 16 | Defendant. | |

17

18    In this case, the defendant was found to be incompetent to stand trial, and further was found to be

19 a danger if she were to be released.  Ultimately the Court adopted a Certificate of Recovery with respect

20 to the defendant and ordered her conditionally released under the supervision of the Probation Office.

21 Progress reports from the Probation Office indicate the defendant has made substantial progress, and

22 that further treatment and supervision is not warranted.

23    The United States hereby moves to dismiss the Indictment in the above-referenced case.  This

24 motion is unopposed.  In addition, the parties jointly move to terminate the defendant's supervision by

25 the United States Probation Office.

26  **A.  Procedural History**

27    The defendant was arrested on September 18, 2002, for destruction of government property in

28 violation of 18 U.S.C. § 1361.  Docket, No. 1.  Specifically, she was detained after starting a fire with a

flare gun at Beale Air Force Base. *Id.* On September 26, 2002, she was indicted on a single count of violating 18 U.S.C. Section 844(f)(1), damaging property of the United States by means of fire. Docket, No. 5.

On March 21, 2003, the defendant was ordered to undergo a competency examination pursuant to 18 U.S.C. § 4241. Docket, No. 18. On October 6, 2003, the Court granted the government's unopposed motion to commit the defendant to the Bureau of Prisons for an additional period of time. Docket, No. 29. On April 2, 2004, the Court granted a joint motion to commit the defendant for further evaluation and further ordered that the Bureau of Prisons was authorized to administer antipsychotic medications to the defendant, involuntarily if necessary. Docket, No. 42. On August 27, 2004, the Court authorized continuing treatment by the Bureau of Prisons. Docket, No. 50.

On November 12, 2004, the Court found the defendant was not competent to stand trial. Docket, No. 62. On November 19, 2004, consistent with 18 U.S.C. § 4246(b), the Court ordered the Federal Medical Center to prepare a report on the issue of whether the defendant's release from custody "would create a substantial risk of bodily injury to another person, or serious damage to property of another." Docket, No. 65. On January 6, 2005, the Court held an evidentiary hearing on this issue. Docket, No. 73. On January 7, 2005, the Court issued an Order finding that the defendant's release would create a substantial risk of injury or property damage, and committing her to the custody of the Bureau of Prisons. Docket, No. 77.

On August 24, 2005, the Court received a report from the Bureau of Prisons that included a progress report, certificate of recovery, and conditional release plan. Docket, No. 83. On September 16, 2005, the Court adopted the certificate of recovery and ordered the defendant released on conditions and under the supervision of the Probation Office. Docket, No. 88.

Since the date of the defendant's release, the Probation Office has periodically filed progress reports with the Court. Each of these has indicated good progress by the defendant under supervision. The most recent progress report was submitted on August 31, 2016. That report indicates continued positive progress by the defendant, and it references an attached psychiatric report which indicates that the defendant poses a low risk to the community and that further treatment is not warranted. The Probation Officer recommends that the defendant be discharged from her conditional release.

**B.     Motion to Dismiss**

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States seeks leave of this Court to dismiss the pending indictment against this defendant. Given the age of this case and the defendant's condition when she committed the offense, the government does not have an interest in further pursuing this matter. Further, in light of the defendant's sustained compliance with the conditions of her release and the information set forth in the Probation Officer's latest Progress Report, the government does not see a basis for continued supervision by the Probation Office.

Dated: January 20, 2017                                     PHILLIP A. TALBERT
                                                            United States Attorney

                                                             /s/ Philip A. Ferrari
                                                            PHILIP A. FERRARI
                                                            Assistant United States Attorney

### C. Joint Motion to Terminate Supervision

Section 4246(a)'s provisions apply to a person "against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person." This description does not necessarily capture the facts of this case, as the government's motion to dismiss is not premised upon the assertion that the defendant is currently incompetent to proceed to trial. However, Section 4246(a) indicates that jurisdiction for supervision can remain following dismissal of criminal charges. For that reason, in addition to the government's motion to dismiss, the parties are jointly moving for an order terminating supervision of the defendant.

On September 16, 2005, in conformance with 18 U.S.C. § 4246(e)(2), this Court ordered the defendant released on conditions, including participation in particular treatment programs. Docket, No. 88. Under Section 4246(e), the Court may at any time "after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment."

In this case, as reflected in the Probation Office's progress reports, the defendant's regimen has already been discontinued. In addition, the most recent progress report references an attached psychiatric report which indicates that the defendant poses a low risk to the community and that further treatment is not warranted. Both the defendant's supervising Probation Officer and her counsel with the Office of the Federal Defender agree with this assessment based upon their interactions with and observations of the defendant. Further, all parties agree that if a hearing were to be held in this matter, they would have no evidence to present to the Court beyond what has already been provided by the Probation Office through the progress reports and attachments. The parties agree that there is a sufficient record before the Court for it to find by a preponderance of the evidence that the elimination of conditions of release will not create a substantial risk of bodily injury to another person or serious damage to property of another, and to terminate the defendant's supervision.

Dated: January 20, 2017               PHILLIP A. TALBERT
                                      United States Attorney


                                       /s/ PHILIP FERRARI
                                      PHILIP FERRARI
                                      Assistant United States Attorney

4

Dated: January 20, 2017            /s/ LINDA ALLISON
                                                   LINDA ALLISON
                                                   Counsel for Defendant
                                                   CHARLENE BROWN

**O R D E R**

The United States' motion to dismiss is GRANTED and the charge brought against defendant CHARLENE BROWN in the above-referenced case is hereby ordered DISMISSED.

In addition, based upon the representations of the parties, the Court finds that the record before it is sufficient to rule on the joint motion to terminate supervision and that, by a preponderance of the evidence, the elimination of the defendant's conditions of release will not create a substantial risk of bodily injury to another person or serious damage to property of another. The parties joint motion to terminate supervision by the Probation Office is GRANTED.

**SO ORDERED:**

Dated: January 23, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge